# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## FORT MEYERS DIVISION

SHAWN DAVID,

      Plaintiff,                               Case No. 2:21-cv-00489

    v.

GATEWAY ONE LENDING & FINANCE, LLC,
PENTAGON FEDERAL CREDIT UNION,
ALLIANT CREDIT UNION,
BANK OF AMERICA CORPORATION,
DISCOVER BANK,
NAVY FEDERAL CREDIT UNION,
TRANSUNION, LLC,
EXPERIAN INFORMATION SOLUTIONS, INC.,
EQUIFAX INFORMATION SERVICES, LLC,

      Defendants.

_____/

## COMPLAINT

**NOW COMES** Shawn David ("Plaintiff") by and through his undersigned attorneys, complaining as to the conduct of Defendants, Gateway One Lending & Finance, LLC, ("Gateway One"), Pentagon Federal Credit Union, ("PenFed"), Alliant Credit Union, ("Alliant"), Bank of America Corporation, ("Bank of America"), Discover Bank, ("Discover"), Navy Federal Credit Union, ("Navy Federal"), TransUnion, LLC, ("TransUnion"), Experian Information Solutions, Inc., ("Experian"), Equifax Information Services, LLC, ("Equifax") (collectively, "Defendants") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendants' violations of the Fair Credit Reporting Act ("FCRA") pursuant to 15 U.S.C. §1681 *et seq*.

2.   Subject matter jurisdiction is conferred upon this Court by the FCRA pursuant to 15 U.S.C. §1681 *et seq*., 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3.   Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in the Middle District of Florida and all of the events or omissions giving rise to Plaintiff's claims occurred in this Middle District of Florida.

**PARTIES**

4.   Plaintiff is a consumer and a natural person over 18-years-of-age who, at all-time relevant, resided in the Middle District of Florida.

5.   Defendant Gateway One provides automobile lending and financing services. Gateway One was once a TCF Bank Company, but dissolved and was purchased by Santander Bank, N.A., ("Santander"). Santander regularly collects debts on a nationwide basis, including in the State of Florida. Santander's principal place of business is 75 State Street, Boston, Massachusetts. Gateway One is a furnisher of information to the three major credit reporting agencies, Equifax, Experian, and Transunion.

6.   Defendant PenFed is a federal credit union who provides financial lending to service members. PenFed's principal place of business is 7940 Jones Branch Drive, McLean, Virginia. PenFed collects debts on a nationwide basis, including consumers in the State of Florida. PenFed is also a furnisher of credit information to the major credit reporting agencies.

7.   Defendant Alliant is a member-owned financial cooperative who provides lines of credit to various union organizations. Alliant's principal place of business is 11545 E. Touchy Ave, Chicago, Illinois 60666. Alliant collects debts on a nationwide basis, including consumers in the State of Florida. Alliant is also a furnisher of credit information to the major credit reporting agencies.

8.  Defendant Bank of America is a multinational investment bank and financial service holding company who provides lines of credit to consumers. Bank of America's principal place of business is 100 N. Tryon Street, Charlotte, North Carolina 28255. Bank of America collects debts on a nationwide basis, including consumers in the State of Florida. Bank of America is also a furnisher of credit information to the major credit reporting agencies.

9.  Defendant Discover is a financial service company owned and operated by Discover Financial Services who provides personal loans, equity loans, and credit cards to consumers. Discover Financial Services' principal place of business is 2500 Lake Cook Rd. Riverwoods, Illinois 60015. Discover collects debts on a nationwide basis, including consumers in the State of Florida. Discover is also a furnisher of credit information to the major credit reporting agencies.

10. Defendant Navy Federal is global credit union who provides loans, credit and mortgages to service members. Navy Federal's principal place of business is 820 Follin Ln SE, Vienna Virginia 22180.Navy Federal collects on a nationwide basis, including consumers in the State of Florida. Navy Federal is also a furnisher of credit information to the major credit reporting agencies.

11. Defendant TransUnion is a Delaware limited liability corporation with its principal place of business located in Chicago, Illinois. TransUnion is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports and credit files to third parties bearing on a consumer's credit worthiness, credit standing, and credit capacity on a nationwide basis, including in the State of Florida.

12. Defendant Experian is a corporation incorporated in the state of Ohio and is authorized to do business in the State of Florida. Experian is in the business of compiling and maintaining files

on consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity.

13. Defendant Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports and credit files to third parties bearing on a consumer's credit worthiness, credit standing, and credit capacity on a nationwide basis, including in the State of Arizona. Equifax's registered agent is located at 1550 Peachtree Street NW, Atlanta, Georgia.

## FACTUAL ALLEGATIONS

14. On June 21, 2017, Plaintiff discovered that he had been a victim of identity theft upon reviewing his consumer credit reports. Plaintiff then filed a police report with the Phoenix Police Department soon thereafter.

15. Defendants have been reporting derogatory and inaccurate information relating to Plaintiff and Plaintiff's credit history to third parties. The inaccurate information consists of accounts and/or tradelines that do not belong to Plaintiff.

16. On July 5, 2019, Plaintiff again obtained and filed a police report with the Atlanta Police Department outlining many accounts, inquiries, and personal identifying information that never belonged to Plaintiff.

17. On July 30, 2019, Plaintiff sent a detailed written credit dispute attaching his police report to TransUnion, Equifax, and Experian identifying numerous accounts that he did not authorize and that did not belong to him.

18. Despite Plaintiff's dispute letters, Defendants failed to correct the fraudulent inaccurate information appearing on Plaintiff's consumer credit reports.

19. On October 30, 2019, Plaintiff filed his third Identity Theft Report, this time with the Federal Trade Commission ("FTC") again disputing the numerous inaccurate accounts, inquiries, and personal identifying information being reported on his Equifax, Experian, and Transunion credit files.

20. Specifically, in the 2019 FTC Identity Theft Report, Plaintiff indicated that the following accounts were reporting and were pulled on his consumer report without his permission:

    a.  Discover Bank;

    b.  Alliant Credit Union;

    c.  Simmons Bank;

    d.  Navy Federal Credit Union (2 accounts);

    e.  Capital One Bank;

    f.  Pentagon Federal Credit Union (2 Accounts);

    g.  Including multiple inaccurate inquiries; and

    h.  Multiple inaccurate personal identifying information.

21. On October 30, 2019, Plaintiff again sent TransUnion, Equifax and Experian a detailed written credit dispute letter indicating numerous accounts that were reporting on his consumer reports that were not his and that he did not authorize as he is a victim of identity theft.

22. Despite Plaintiff's dispute letters, Defendants failed to correct the fraudulent inaccurate information appearing on Plaintiff's consumer credit reports.

23. On March 24, 2020, Plaintiff obtained an updated police report from the Cape Coral Police Department. Plaintiff again alleged that he was a victim of identity theft and provided a list of accounts that were opened under his name but were never authorized by him.

24. Subsequently thereafter, Plaintiff sent *another* dispute letter with TransUnion, Equifax and Experian that indicated that several accounts that are reporting false information to his report that were never authorized by him.

25. Despite Plaintiff's dispute letters, Defendants failed to correct the fraudulent inaccurate information appearing on Plaintiff's consumer credit reports.

26. On June 8, 2020, Plaintiff provided TransUnion, Equifax, and Experian with *another* set of written dispute letters and attaching his updated police report. Plaintiff listed numerous accounts including Discover, Alliant, and PenFed and demanded those accounts be deleted immediately from his consumer report.

27. Despite Plaintiff's dispute letters, Defendants failed to correct the fraudulent inaccurate information appearing on Plaintiff's consumer credit reports.

28.  On August 4, 2020, after multiple attempts at disputing the unauthorized accounts on his consumer reports, Plaintiff sent *another* written dispute to TransUnion, Equifax, and Experian. Asking these credit reporting agencies to remove and delete numerous accounts that had been added to his consumer report as a result of identity theft.

29. As of today, the following accounts continue to be reporting derogatory and inaccurate information, not belonging to Plaintiff, on the his consumer report, by TransUnion, Equifax, and Experian, ("subject accounts"):

    a.  Gateway One – Reporting on TransUnion, Experian, and Equifax

            **i.**  For an auto loan;

            **ii.**  Opened: June 1, 2017

    b.  PenFed – Reporting on Equifax

            **i.**   Charged off

          **ii.** Opened: June 1, 2018

c. Alliant – Reporting on Equifax

          **i.** Charged off

          **ii.** Balance: $11,593

          **iii.** Opened: June 1, 2018

d. Bank of America – Reporting on TransUnion

          **i.** Charged off

          **ii.** Balance: $11,929

          **iii.** Opened: August 22, 2017

e. Discover Bank – Reporting on TransUnion Experian, and Equifax

          **i.** Charged off

          **ii.** Balance: $627

          **iii.** Opened: August 23, 2017

f. Alliant – Reporting on Equifax

          **i.** Charged off

          **ii.** Balance: $20,476

          **iii.** Opened: August 1, 2017

g. PenFed – Reporting on Equifax

          **i.** Charged off

          **ii.** Opened: August 1, 2017

          **iii.** Acct number: 31315

h. PenFed – Reporting on Equifax

          **i.** Charged off

        **ii.**   Opened: August 1, 2017

        **iii.**   Acct. number: 31329

   i.   Alliant – Reporting on Equifax

        **i.**   Charged off

        **ii.**   Balance: $28,467

        **iii.**   Opened July 1, 2017

   j.   Navy Federal – Reporting on Experian

        **i.**   Charged off

        **ii.**   Balance: $29,220

        **iii.**   Opened: November 11, 2014

   k.   Numerous unauthorized hard and soft inquiries are also reported on Plaintiff's consumer report, including:

        **i.**   Alliant reporting on Experian

        **ii.**   Straight Arrow Screening ("STRAIGHT ARR") on TransUnion

        **iii.**   East Point Recovery Group, Inc. ("East Point") on Experian

30. The reporting of the inaccurate information on Plaintiff's credit file is patently incorrect and creates a materially misleading impression that the inaccurate information belongs to Plaintiff.

31. Defendants have been reporting and transmitting inaccurate information through the issuance of false and derogatory credit information and consumer credit reports that it has disseminated to various persons and credit grantors, both known and unknown.

32. Each false and inaccurate transmission of Plaintiff's credit file to a third party constitutes a separate and distinct violation.

33. Plaintiff disputed the inaccurate information with Equifax, Experian, and TransUnion through written communications on five separate occasions and by following Equifax, Experian, and TransUnion's established procedure for disputing consumer credit information.

34. Plaintiff sent several detailed disputes to Equifax, Experian, and TransUnion, including disputes sent in July 2019, October 2019, April 2020, June 2020, and August 2020.

35. Despite Plaintiff's detailed disputes, Equifax, Experian, and TransUnion have all sent Plaintiff correspondences indicating its intent to continue publishing and disseminating the inaccurate information to third parties, entities, users, and credit grantors. Equifax, Experian, and TransUnion have repeatedly published and disseminated inaccurate consumer reports containing information not belonging to Plaintiff to such third parties from at least June 2017 through the present day.

36. Concerned about the violations of his rights and invasion of privacy, Plaintiff sought the assistance of counsel to cease Defendants' inaccurate and derogatory credit reporting.

### IMPACT OF CONTINUING
### INCORRECT REPORTING ON PLAINTIFF'S CREDIT FILE

37. As of today, the erroneous reporting of the inaccurate information continues to paint a false and damaging image of Plaintiff. Defendants have yet to completely update the inaccurate information to accurately reflect Plaintiff's disputes.

38. The entire experience has imposed upon Plaintiff significant distrust, frustration, distress, and has rendered Plaintiff helpless as to his ability to regain his good name and the credit rating that he deserves and has worked hard to earn.

39. Despite Plaintiff's exhaustive efforts to date, Defendants have nonetheless willfully and negligently repeatedly failed to perform reasonable investigations and reinvestigations of the disputed inaccurate information in Plaintiff's credit file as required by the FCRA. Defendants have

failed to report on the results of its reinvestigations to all credit reporting agencies, have failed to note the disputed status of the inaccurate information, and have continued to report the derogatory inaccurate information about Plaintiff.

40. As a result of the conduct, actions, and inactions of the Defendants, Plaintiff has suffered various types of damages as set forth herein, including specifically, expenses and time incurred curing and remediating fraudulent account activity, time and expenses reasonably incurred to prevent future fraudulent activity, credit monitoring, constant vigilance in detecting fraudulent account activity, out-of-pocket expenses, the loss and denial of credit, the loss of credit opportunities, loss of the use of funds, injury to reputation and credit rating the loss of ability to purchase and benefit from a credit line, local or long distance telephone calls, postage, time and money expended meeting with his attorneys, tracking the status of his disputes, monitoring his credit file, mental and emotional pain and suffering, and other frustration and aggravation associated with disputing accounts that do not belong to Plaintiff.

41. Ultimately, Plaintiff has desired to take advantage of credit opportunities, most notably in 2019 when Plaintiff tried to obtain a loan from a bank but was denied due to his credit score, a credit score that had been adversely affected by the subject accounts. This denial of credit was a result, in whole or in part, from credit information provided by Equifax, Experian, and Transunion.

42. Due to the conduct of the Defendants, Plaintiff was forced to retain counsel to resolve the erroneous credit reporting of the inaccurate information that is not attributable to him.

## COUNT I - VIOLATION OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681e(b)
(AGAINST EQUIFAX)

43. Plaintiff restates and realleges paragraphs 1 through 23 as though fully set forth herein.

44. Equifax is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

45. Equifax is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p).

46. At all times relevant, the above mentioned credit reports were "consumer reports" as that term is defined by §1681a(d)(1).

47. At all times relevant, Plaintiff was a "consumer" as the term is defined by 15 U.S.C. §1681a(c).

48. The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

49. The FCRA requires that the credit reporting industry to implement procedures and systems to promote accurate credit reporting.

50. Equifax violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in preparation of the consumer reports it furnished and refurnished regarding Plaintiff. On numerous occasions, Equifax has prepared a patently false and a materially misleading consumer report concerning Plaintiff.

51. Equifax knew that the inaccurate information contained in Plaintiff's credit file did not belong to him after Plaintiff put Equifax on notice on numerous occasions that Plaintiff's consumer report contained fraudulent information.

52. Moreover, Equifax should have known that the inaccurate information contained in Plaintiff's credit file did not belong to him considering Equifax was the only credit reporting agency that included the particular subject account, listed above, into Plaintiff's credit file, thus demonstrating that it has no reasonable procedures to assure maximum accuracy in preparing consumer reports.

53. By deviating from the standards established by the credit reporting industry and the FCRA, Equifax acted with reckless disregard for its duties to report accurate and complete consumer credit information.

54. Despite actual knowledge that the subject accounts did not belong to Plaintiff, Equifax readily sold false reports to one or more third parties, thereby misrepresenting critical facts about Plaintiff.

55. Equifax's refusal to correct patently false and materially misleading information as mandated by the FCRA reveals a conscious disregard of the rights of Plaintiff and consumers in general.

56. As demonstrated by the facts, Equifax's conduct was willful and wanton and displayed a reckless disregard of the rights of Plaintiff.

57. As stated above, Plaintiff was severely harmed by Equifax's conduct.

**WHEREFORE**, Plaintiff SHAWN DAVID respectfully prays this Honorable Court for the following relief:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. An order directing that Equifax immediately delete all of the inaccurate information from Plaintiff's credit reports and credit files;
c. Award Plaintiff actual damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;
d. Award Plaintiff statutory damages of $1,000.00 for each of the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;
e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;
f. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1681n(3) and 15 U.S.C. §1681o(2); and
g. Award any other relief as this Honorable Court deems just and appropriate.

## COUNT II - VIOLATION OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681E(b)
#### (AGAINST TRANSUNION)

58. Plaintiff restates and realleges paragraphs 1 through 57 as though fully set forth herein.

59. TransUnion is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

60. TransUnion is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p).

61. At all times relevant, the above mentioned credit reports were "consumer reports" as that term is defined by §1681a(d)(1).

62. At all times relevant, Plaintiff was a "consumer" as the term is defined by 15 U.S.C. §1681a(c).

63. The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

64. The FCRA requires that the credit reporting industry to implement procedures and systems to promote accurate credit reporting.

65. TransUnion violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in preparation of the consumer reports it furnished and refurnished regarding Plaintiff. On numerous occasions, TransUnion has prepared a patently false and a materially misleading consumer report concerning Plaintiff.

66. TransUnion knew that the inaccurate information contained in Plaintiff's credit file did not belong to him after Plaintiff put TransUnion on notice on numerous occasions that Plaintiff's consumer report contained fraudulent information.

67. Moreover, TransUnion should have known that the inaccurate information contained in Plaintiff's credit file did not belong to him considering TransUnion was the only credit reporting agency that included the particular subject account, listed above, into Plaintiff's credit file, thus demonstrating that it has no reasonable procedures to assure maximum accuracy in preparing consumer reports.

68. By deviating from the standards established by the credit reporting industry and the FCRA, TransUnion acted with reckless disregard for its duties to report accurate and complete consumer credit information.

69. Despite actual knowledge that the subject accounts did not belong to Plaintiff, TransUnion readily sold false reports to one or more third parties, thereby misrepresenting critical facts about Plaintiff.

70. TransUnion's refusal to correct patently false and materially misleading information as mandated by the FCRA reveals a conscious disregard of the rights of Plaintiff and consumers in general.

71. As demonstrated by the facts, TransUnion's conduct was willful and wanton and displayed a reckless disregard of the rights of Plaintiff.

72. As stated above, Plaintiff was severely harmed by TransUnion's conduct

**WHEREFORE**, Plaintiff SHAWN DAVID respectfully prays this Honorable Court for the following relief:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. An order directing that TransUnion immediately delete all of the inaccurate information from Plaintiff's credit reports and credit files;
c. Award Plaintiff actual damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;
d. Award Plaintiff statutory damages of $1,000.00 for each of the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;
e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;
f. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1681n(3) and 15 U.S.C. §1681o(2); and
g. Award any other relief as this Honorable Court deems just and appropriate.

## COUNT III - VIOLATION OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681E(b)
#### (AGAINST EXPERIAN)

73. Plaintiff restates and realleges paragraphs 1 through 72 as though fully set forth herein.

74. Experian is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

75. Experian is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p).

76. At all times relevant, the above mentioned credit reports were "consumer reports" as that term is defined by §1681a(d)(1).

77. At all times relevant, Plaintiff was a "consumer" as the term is defined by 15 U.S.C. §1681a(c).

78. The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

79. The FCRA requires that the credit reporting industry to implement procedures and systems to promote accurate credit reporting.

80. Experian violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in preparation of the consumer reports it furnished and refurnished regarding Plaintiff. On numerous occasions, Experian has prepared a patently false and a materially misleading consumer report concerning Plaintiff.

81. Experian knew that the inaccurate information contained in Plaintiff's credit file did not belong to him after Plaintiff put Experian on notice on numerous occasions that Plaintiff's consumer report contained fraudulent information.

82. Moreover, Experian should have known that the inaccurate information contained in Plaintiff's credit file did not belong to him considering Experian was the only credit reporting agency that included the particular subject account, listed above, into Plaintiff's credit file, thus demonstrating that it has no reasonable procedures to assure maximum accuracy in preparing consumer reports.

83. By deviating from the standards established by the credit reporting industry and the FCRA, Experian acted with reckless disregard for its duties to report accurate and complete consumer credit information.

84. Despite actual knowledge that the subject accounts did not belong to Plaintiff, Experian readily sold false reports to one or more third parties, thereby misrepresenting critical facts about Plaintiff.

85. Experian's refusal to correct patently false and materially misleading information as mandated by the FCRA reveals a conscious disregard of the rights of Plaintiff and consumers in general.

86. As demonstrated by the facts, Experian's conduct was willful and wanton and displayed a reckless disregard of the rights of Plaintiff.

87. As stated above, Plaintiff was severely harmed by Experian's conduct

**WHEREFORE**, Plaintiff SHAWN DAVID respectfully prays this Honorable Court for the following relief:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. An order directing that Experian immediately delete all of the inaccurate information from Plaintiff's credit reports and credit files;
c. Award Plaintiff actual damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;
d. Award Plaintiff statutory damages of $1,000.00 for each of the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;
e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;
f. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1681n(3) and 15 U.S.C. §1681o(2); and
g. Award any other relief as this Honorable Court deems just and appropriate.

### COUNT IV - VIOLATION OF THE FAIR CREDIT REPORTING ACT
#### 15 U.S.C. § 1681i-§ 1681g
##### (AGAINST EQUIFAX)

88. Plaintiff restates and realleges paragraphs 1 through 68 as though fully set forth herein.

89. The FCRA mandates that a Credit Reporting Agency ("CRA") conduct an investigation of the accuracy of information "[i]f the completeness or accuracy of any item of information contained in a consumer's file is disputed by the consumer." See 15 U.S.C. §1681i(a)(1). The Act imposes a 30-day time limitation for the completion of such an investigation. Id.

90. The FCRA provides that if a CRA conducts an investigation of disputed information and confirms that the information is, in fact, inaccurate, or is unable to verify the accuracy of the disputed information, the CRA is required to delete that item of information from the consumer's file. See 15 U.S.C. §1681i(a)(5)(A).

91. Equifax violated 15 U.S.C. §1681i(a)(1) by failing to conduct a reasonable reinvestigation to determine whether the disputed information was accurate, to record the current status of the disputed information, and to subsequently delete the fraudulent subject account on Plaintiff's credit file.

92. Plaintiff provided Equifax with indisputable evidence in his disputes that demonstrated that he was a victim of identity theft and that the subject account did not belong to him.

93. Had Equifax conducted any investigation, would have updated Plaintiff's consumer file to reflect accurate information that belongs to Plaintiff.

94. Instead, Equifax continued to report erroneous information on Plaintiff's credit reports.

95. Had Equifax taken any steps to investigate Plaintiff's valid disputes, it would have determined that Plaintiff was in fact a victim of identity theft.

96. Equifax violated 15 U.S.C. §1681i(a)(2) by failing to provide notification of Plaintiff's disputes to Gateway One, 3 PenFed accounts, 3 Alliant accounts, and Discover. Upon information and belief, Equifax failed to send all relevant information submitted by Plaintiff to these creditors demonstrating that Plaintiff's was a victim of identity theft.

97. Equifax violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that it received from Plaintiff regarding his disputes of the subject account

98. Had Equifax reviewed the documents submitted by Plaintiff, it would have been impossible for Equifax to conclude that the subject account did in fact belong to Plaintiff.

99. Equifax violated 15 U.S.C. §1681i(a)(5) by failing to delete the subject account that was the subject of Plaintiff's disputes.

100.     Equifax violated 15 U.S.C. §1681i(a)(5)(B) by reporting disputed information without certification from creditors that the information was complete and accurate, and without sending notice of the re-reporting to Plaintiff.

101.     Equifax violated 15 U.S.C. §1681i(c) by failing to note Plaintiff's disputes on the subject account in subsequent consumer reports.

102.     Equifax violated 15 U.S.C. §1681g(a)(1) by failing to completely and accurately disclose to Plaintiff all the information in Plaintiff's credit file when Plaintiff tried to access his Equifax credit report so Plaintiff can assess his file for inaccuracies.

103.     Despite actual knowledge that the subject account was opened fraudulently in Plaintiff's name, Equifax readily sold Plaintiff's inaccurate and misleading report to one or more third parties, thereby misrepresenting critical facts about Plaintiff, thus adversely affecting Plaintiff's credit worthiness.

104.     Upon information and belief, Equifax does not conduct independent investigations into consumer disputes, and merely parrots information provided by data furnishers.

105.     As stated above, Plaintiff was severely harmed by Equifax's conduct.

**WHEREFORE**, Plaintiff SHAWN DAVID respectfully prays this Honorable Court for the following relief:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. An order directing that Equifax immediately delete all of the inaccurate information from Plaintiff's credit reports and credit files;
c. Award Plaintiff actual damages, in an amount to be determined at trial, for each of the underlying FCRA violations;
d. Award Plaintiff statutory damages of $1,000.00 for each violation of the FCRA, pursuant to 15 U.S.C. §1681n;
e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

f. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1681n and 15 U.S.C. §1681o; and

g. Award any other relief as this Honorable Court deems just and appropriate.

### COUNT V - VIOLATION OF THE FAIR CREDIT REPORTING ACT
#### 15 U.S.C. § 1681i-§ 1681g
(AGAINST TRANSUNION)

106.     Plaintiff restates and realleges paragraphs 1 through 105 as though fully set forth herein.

107.     The FCRA mandates that a Credit Reporting Agency ("CRA") conduct an investigation of the accuracy of information "[i]f the completeness or accuracy of any item of information contained in a consumer's file is disputed by the consumer." See 15 U.S.C. §1681i(a)(1). The Act imposes a 30-day time limitation for the completion of such an investigation. Id.

108.     The FCRA provides that if a CRA conducts an investigation of disputed information and confirms that the information is, in fact, inaccurate, or is unable to verify the accuracy of the disputed information, the CRA is required to delete that item of information from the consumer's file. See 15 U.S.C. §1681i(a)(5)(A).

109.     Equifax violated 15 U.S.C. §1681i(a)(1) by failing to conduct a reasonable reinvestigation to determine whether the disputed information was accurate, to record the current status of the disputed information, and to subsequently delete the fraudulent subject account on Plaintiff's credit file.

110.     Plaintiff provided TransUnion with indisputable evidence in his disputes that demonstrated that he was a victim of identity theft and that the subject account did not belong to him.

111.    Had TransUnion conducted any investigation, would have updated Plaintiff's consumer file to reflect accurate information that belongs to Plaintiff.

112.    Instead, TransUnion continued to report erroneous information on Plaintiff's credit reports.

113.    Had TransUnion taken any steps to investigate Plaintiff's valid disputes, it would have determined that Plaintiff was in fact a victim of identity theft.

114.    TransUnion violated 15 U.S.C. §1681i(a)(2) by failing to provide notification of Plaintiff's disputes to Gateway One, Bank of America, and Discover. Upon information and belief, TransUnion failed to send all relevant information submitted by Plaintiff to these creditors demonstrating that Plaintiff's was a victim of identity theft.

115.    TransUnion violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that it received from Plaintiff regarding his disputes of the subject account

116.    Had TransUnion reviewed the documents submitted by Plaintiff, it would have been impossible for TransUnion to conclude that the subject account did in fact belong to Plaintiff.

117.    TransUnion violated 15 U.S.C. §1681i(a)(5) by failing to delete the subject account that was the subject of Plaintiff's disputes.

118.    TransUnion violated 15 U.S.C. §1681i(a)(5)(B) by reporting disputed information without certification from creditors that the information was complete and accurate, and without sending notice of the re-reporting to Plaintiff.

119.    TransUnion violated 15 U.S.C. §1681i(c) by failing to note Plaintiff's disputes on the subject account in subsequent consumer reports.

120.     TransUnion violated 15 U.S.C. §1681g(a)(1) by failing to completely and accurately disclose to Plaintiff all the information in Plaintiff's credit file when Plaintiff tried to access his TransUnion credit report so Plaintiff can assess his file for inaccuracies.

121.     Despite actual knowledge that the subject account was opened fraudulently in Plaintiff's name, TransUnion readily sold Plaintiff's inaccurate and misleading report to one or more third parties, thereby misrepresenting critical facts about Plaintiff, thus adversely affecting Plaintiff's credit worthiness.

122.     Upon information and belief, TransUnion does not conduct independent investigations into consumer disputes, and merely parrots information provided by data furnishers.

123.     As stated above, Plaintiff was severely harmed by TransUnion's conduct.

**WHEREFORE**, Plaintiff SHAWN DAVID respectfully prays this Honorable Court for the following relief:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. An order directing that TransUnion immediately delete all of the inaccurate information from Plaintiff's credit reports and credit files;
c. Award Plaintiff actual damages, in an amount to be determined at trial, for each of the underlying FCRA violations;
d. Award Plaintiff statutory damages of $1,000.00 for each violation of the FCRA, pursuant to 15 U.S.C. §1681n;
e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;
f. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1681n and 15 U.S.C. §1681o; and
g. Award any other relief as this Honorable Court deems just and appropriate.

### COUNT VI - VIOLATION OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681i-§ 1681g
### (AGAINST EXPERIAN)

124.     Plaintiff restates and realleges paragraphs 1 through 123 as though fully set forth herein.

125.     The FCRA mandates that a Credit Reporting Agency ("CRA") conduct an investigation of the accuracy of information "[i]f the completeness or accuracy of any item of information contained in a consumer's file is disputed by the consumer." See 15 U.S.C. §1681i(a)(1). The Act imposes a 30-day time limitation for the completion of such an investigation. Id.

126.     The FCRA provides that if a CRA conducts an investigation of disputed information and confirms that the information is, in fact, inaccurate, or is unable to verify the accuracy of the disputed information, the CRA is required to delete that item of information from the consumer's file. See 15 U.S.C. §1681i(a)(5)(A).

127.     Experian violated 15 U.S.C. §1681i(a)(1) by failing to conduct a reasonable reinvestigation to determine whether the disputed information was accurate, to record the current status of the disputed information, and to subsequently delete the fraudulent subject account on Plaintiff's credit file.

128.     Plaintiff provided Experian with indisputable evidence in his disputes that demonstrated that he was a victim of identity theft and that the subject account did not belong to him.

129.     Had Experian conducted any investigation, would have updated Plaintiff's consumer file to reflect accurate information that belongs to Plaintiff.

130.     Instead, Experian continued to report erroneous information on Plaintiff's credit reports.

131.     Had Experian taken any steps to investigate Plaintiff's valid disputes, it would have determined that Plaintiff was in fact a victim of identity theft.

132.     Experian violated 15 U.S.C. §1681i(a)(2) by failing to provide notification of Plaintiff's disputes to Gateway One, Navy Federal, and Discover. Upon information and belief, Experian failed to send all relevant information submitted by Plaintiff to these creditors demonstrating that Plaintiff's was a victim of identity theft.

133.     Experian violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that it received from Plaintiff regarding his disputes of the subject account

134.     Had Experian reviewed the documents submitted by Plaintiff, it would have been impossible for Equifax to conclude that the subject account did in fact belong to Plaintiff.

135.     Experian violated 15 U.S.C. §1681i(a)(5) by failing to delete the subject account that was the subject of Plaintiff's disputes.

136.     Experian violated 15 U.S.C. §1681i(a)(5)(B) by reporting disputed information without certification from creditors that the information was complete and accurate, and without sending notice of the re-reporting to Plaintiff.

137.     Experian violated 15 U.S.C. §1681i(c) by failing to note Plaintiff's disputes on the subject account in subsequent consumer reports.

138.     Experian violated 15 U.S.C. §1681g(a)(1) by failing to completely and accurately disclose to Plaintiff all the information in Plaintiff's credit file when Plaintiff tried to access his Experian credit report so Plaintiff can assess his file for inaccuracies.

139.     Despite actual knowledge that the subject account was opened fraudulently in Plaintiff's name, Experian readily sold Plaintiff's inaccurate and misleading report to one or more third parties, thereby misrepresenting critical facts about Plaintiff, thus adversely affecting Plaintiff's credit worthiness.

140.    Upon information and belief, Experian does not conduct independent investigations into consumer disputes, and merely parrots information provided by data furnishers.

141.    As stated above, Plaintiff was severely harmed by Experian's conduct.

**WHEREFORE**, Plaintiff SHAWN DAVID respectfully prays this Honorable Court for the following relief:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. An order directing that Experian immediately delete all of the inaccurate information from Plaintiff's credit reports and credit files;
c. Award Plaintiff actual damages, in an amount to be determined at trial, for each of the underlying FCRA violations;
d. Award Plaintiff statutory damages of $1,000.00 for each violation of the FCRA, pursuant to 15 U.S.C. §1681n;
e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;
f. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1681n and 15 U.S.C. §1681o; and
g. Award any other relief as this Honorable Court deems just and appropriate.

### COUNT VII - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
(AGAINST GATEWAY ONE)

142.    Plaintiff restates and realleges paragraphs 1 through 141 as though fully set forth herein.

143.    Plaintiff is a "consumer" as defined by 15 U.S.C. §§1681a(c) and (b).

144.    Gateway One is a "person" as defined by 15 U.S.C. §1681a(b).

145.    Gateway One is a "furnisher of information" as defined by 15 U.S.C. §1681s-2 and a "financial institution" as defined by 15 U.S.C. §1681a(t).

146.    At all times relevant, the above mentioned credit reports were "consumer reports" as that term is defined by §1681a(d).

147.     Gateway One violated 15 U.S.C. §1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information after receiving requests for an investigation from Experian, Equifax, and TransUnion.

148.     Notwithstanding Gateway One's actual knowledge that Plaintiff was a victim of identity theft, Gateway One's failure to conduct a reasonable investigation of the accuracy of its reporting of the inaccurate information it furnished shows a reckless disregard for Plaintiff's rights under the FCRA.

149.     Gateway One violated 15 U.S.C. §1681s-2(b)(1)(B) by failing to review all relevant information provided by Experian, Equifax, and TransUnion pursuant to §1681i(a)(2).

150.     Had Gateway One reviewed the information provided by Experian, Equifax, and TransUnion, it would have corrected the inaccurate designation of the subject accounts and transmitted the correct information to Experian, Equifax, and TransUnion. Instead, Gateway One wrongfully and erroneously confirmed its inaccurate reporting without conducting a reasonable investigation.

151.     Gateway One violated 15 U.S.C. §1681s-2(b)(1)(C) by failing to report the results of any reasonable investigation or reinvestigation of Plaintiff's dispute to Equifax, TransUnion, and Experian.

152.     Gateway One violated 15 U.S.C. §1681s-2(b)(1)(E) by failing to promptly modify, delete, or permanently block the inaccurate information on Plaintiff's credit file. Instead, Gateway One continued to report the inaccurate and misleading information in Plaintiff's credit file after Plaintiff's detailed disputes.

153.     Gateway One failed to conduct a reasonable reinvestigation of its reporting of the subject account, record that the information was disputed, or delete the inaccurate reporting from

Plaintiff's credit file within 30 days of receiving notice of a dispute from Experian, Equifax, and TransUnion under 15 U.S.C. §1681i(a)(1).

154.    Gateway One violated 15 U.S.C. §1681s-2(b)(2) by failing to take the required action with respect to Plaintiff by the deadlines set forth in 15 U.S.C. §1681i(a)(1).

155.    Despite the blatantly obvious error on Plaintiff's credit file, and Plaintiff's efforts to correct the error, Gateway One did not correct the errors to report accurately. Instead, Gateway One wrongfully re-reported, furnished and re-furnished false and erroneous information in Plaintiff's consumer report.

156.    A reasonable investigation by Gateway One would have confirmed the veracity of Plaintiff's disputes.

157.    Had Gateway One taken steps to investigate Plaintiff's valid disputes or Equifax, TransUnion, and Experian's request for investigations, they would have permanently corrected the erroneous credit reporting. Plaintiff provided all relevant information regarding his disputes in his requests for investigation.

158.    By deviating from the standards established by the debt collection industry and the FCRA, Gateway One acted with reckless and willful disregard for its duty as furnishers to report accurate and complete consumer credit information to TransUnion, Equifax, and Experian.

159.    As stated above, Plaintiff was severely harmed by Gateway One's conduct.

**WHEREFORE**, Plaintiff SHAWN DAVID respectfully prays this Honorable Court for the following relief:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Order the deletion or modification of all adverse credit reporting relating to the subject accounts;

c. Award Plaintiff actual damages, in an amount to be determined at trial, for each of the underlying FCRA violations;

d. Award Plaintiff statutory damages of $1,000.00 for each violation of the FCRA, pursuant to 15 U.S.C. §1681n;

e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

f. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1681n and 15 U.S.C. §1681o; and

g. Award any other relief as this Honorable Court deems just and appropriate.

## COUNT VIII - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### (AGAINST PENTAGON FEDERAL CREDIT UNION)

160.  Plaintiff restates and realleges paragraphs 1 through 159 as though fully set forth herein.

161.  Plaintiff is a "consumer" as defined by 15 U.S.C. §§1681a(c) and (b).

162.  PenFed is a "person" as defined by 15 U.S.C. §1681a(b).

163.  PenFed is a "furnisher of information" as defined by 15 U.S.C. §1681s-2 and a "financial institution" as defined by 15 U.S.C. §1681a(t).

164.  At all times relevant, the above mentioned credit reports were "consumer reports" as that term is defined by §1681a(d).

165.  PenFed violated 15 U.S.C. §1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information after receiving requests for an investigation from Experian, Equifax, and TransUnion.

166.  Notwithstanding PenFed's actual knowledge that Plaintiff was a victim of identity theft, PenFed's failure to conduct a reasonable investigation of the accuracy of its reporting of the

inaccurate information it furnished shows a reckless disregard for Plaintiff's rights under the FCRA.

167.     PenFed violated 15 U.S.C. §1681s-2(b)(1)(B) by failing to review all relevant information provided by Experian, Equifax, and TransUnion pursuant to §1681i(a)(2).

168.     Had PenFed reviewed the information provided by Experian, Equifax, and TransUnion, it would have corrected the inaccurate designation of the subject accounts and transmitted the correct information to Experian, Equifax, and TransUnion. Instead, PenFed wrongfully and erroneously confirmed its inaccurate reporting without conducting a reasonable investigation.

169.     PenFed violated 15 U.S.C. §1681s-2(b)(1)(C) by failing to report the results of any reasonable investigation or reinvestigation of Plaintiff's dispute to Equifax, TransUnion, and Experian.

170.     PenFed violated 15 U.S.C. §1681s-2(b)(1)(E) by failing to promptly modify, delete, or permanently block the inaccurate information on Plaintiff's credit file. Instead, PenFed continued to report the inaccurate and misleading information in Plaintiff's credit file after Plaintiff's detailed disputes.

171.     PenFed failed to conduct a reasonable reinvestigation of its reporting of the subject account, record that the information was disputed, or delete the inaccurate reporting from Plaintiff's credit file within 30 days of receiving notice of a dispute from Experian, Equifax, and TransUnion under 15 U.S.C. §1681i(a)(1).

172.     PenFed violated 15 U.S.C. §1681s-2(b)(2) by failing to take the required action with respect to Plaintiff by the deadlines set forth in 15 U.S.C. §1681i(a)(1).

173.     Despite the blatantly obvious error on Plaintiff's credit file, and Plaintiff's efforts to correct the error, PenFed did not correct the errors to report accurately. Instead, PenFed wrongfully re-reported, furnished and re-furnished false and erroneous information in Plaintiff's consumer report.

174.     A reasonable investigation by PenFed would have confirmed the veracity of Plaintiff's disputes.

175.     Had PenFed taken steps to investigate Plaintiff's valid disputes or Equifax, TransUnion, and Experian's request for investigations, they would have permanently corrected the erroneous credit reporting. Plaintiff provided all relevant information regarding his disputes in his requests for investigation.

176.     By deviating from the standards established by the debt collection industry and the FCRA, PenFed acted with reckless and willful disregard for its duty as furnishers to report accurate and complete consumer credit information to TransUnion, Equifax, and Experian.

177.     As stated above, Plaintiff was severely harmed by PenFed's conduct.

**WHEREFORE**, Plaintiff SHAWN DAVID respectfully prays this Honorable Court for the following relief:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Order the deletion or modification of all adverse credit reporting relating to the subject accounts;
c. Award Plaintiff actual damages, in an amount to be determined at trial, for each of the underlying FCRA violations;
d. Award Plaintiff statutory damages of $1,000.00 for each violation of the FCRA, pursuant to 15 U.S.C. §1681n;
e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;
f. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1681n and 15 U.S.C. §1681o; and
g. Award any other relief as this Honorable Court deems just and appropriate.

## COUNT VIIII - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### (AGAINST ALLIANT CREDIT UNION)

178.     Plaintiff restates and realleges paragraphs 1 through 177 as though fully set forth herein.

179.     Plaintiff is a "consumer" as defined by 15 U.S.C. §§1681a(c) and (b).

180.     Alliant is a "person" as defined by 15 U.S.C. §1681a(b).

181.     Alliant is a "furnisher of information" as defined by 15 U.S.C. §1681s-2 and a "financial institution" as defined by 15 U.S.C. §1681a(t).

182.     At all times relevant, the above mentioned credit reports were "consumer reports" as that term is defined by §1681a(d).

183.     Alliant violated 15 U.S.C. §1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information after receiving requests for an investigation from Experian, Equifax, and TransUnion.

184.     Notwithstanding Alliant's actual knowledge that Plaintiff was a victim of identity theft, Alliant's failure to conduct a reasonable investigation of the accuracy of its reporting of the inaccurate information it furnished shows a reckless disregard for Plaintiff's rights under the FCRA.

185.     Alliant violated 15 U.S.C. §1681s-2(b)(1)(B) by failing to review all relevant information provided by Experian, Equifax, and TransUnion pursuant to §1681i(a)(2).

186.     Had Alliant reviewed the information provided by Experian, Equifax, and TransUnion, it would have corrected the inaccurate designation of the subject accounts and transmitted the correct information to Experian, Equifax, and TransUnion. Instead, Alliant wrongfully and erroneously confirmed its inaccurate reporting without conducting a reasonable investigation.

187.     Alliant violated 15 U.S.C. §1681s-2(b)(1)(C) by failing to report the results of any reasonable investigation or reinvestigation of Plaintiff's dispute to Equifax, TransUnion, and Experian.

188.     Alliant violated 15 U.S.C. §1681s-2(b)(1)(E) by failing to promptly modify, delete, or permanently block the inaccurate information on Plaintiff's credit file. Instead, Alliant continued to report the inaccurate and misleading information in Plaintiff's credit file after Plaintiff's detailed disputes.

189.     Alliant failed to conduct a reasonable reinvestigation of its reporting of the subject account, record that the information was disputed, or delete the inaccurate reporting from Plaintiff's credit file within 30 days of receiving notice of a dispute from Experian, Equifax, and TransUnion under 15 U.S.C. §1681i(a)(1).

190.     Alliant violated 15 U.S.C. §1681s-2(b)(2) by failing to take the required action with respect to Plaintiff by the deadlines set forth in 15 U.S.C. §1681i(a)(1).

191.     Despite the blatantly obvious error on Plaintiff's credit file, and Plaintiff's efforts to correct the error, Alliant did not correct the errors to report accurately. Instead, PenFed wrongfully re-reported, furnished and re-furnished false and erroneous information in Plaintiff's consumer report.

192.     A reasonable investigation by Alliant would have confirmed the veracity of Plaintiff's disputes.

193.     Had Alliant taken steps to investigate Plaintiff's valid disputes or Equifax, TransUnion, and Experian's request for investigations, they would have permanently corrected the erroneous credit reporting. Plaintiff provided all relevant information regarding his disputes in his requests for investigation.

194.     By deviating from the standards established by the debt collection industry and the FCRA, Alliant acted with reckless and willful disregard for its duty as furnishers to report accurate and complete consumer credit information to TransUnion, Equifax, and Experian.

195.     As stated above, Plaintiff was severely harmed by Alliant's conduct.

**WHEREFORE**, Plaintiff SHAWN DAVID respectfully prays this Honorable Court for the following relief:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Order the deletion or modification of all adverse credit reporting relating to the subject accounts;
c. Award Plaintiff actual damages, in an amount to be determined at trial, for each of the underlying FCRA violations;
d. Award Plaintiff statutory damages of $1,000.00 for each violation of the FCRA, pursuant to 15 U.S.C. §1681n;
e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;
f. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1681n and 15 U.S.C. §1681o; and
g. Award any other relief as this Honorable Court deems just and appropriate.

### COUNT X - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
(AGAINST BANK OF AMERICA)

196.     Plaintiff restates and realleges paragraphs 1 through 195 as though fully set forth herein.

197.     Plaintiff is a "consumer" as defined by 15 U.S.C. §§1681a(c) and (b).

198.     Bank of America is a "person" as defined by 15 U.S.C. §1681a(b).

199.     Bank of America is a "furnisher of information" as defined by 15 U.S.C. §1681s-2 and a "financial institution" as defined by 15 U.S.C. §1681a(t).

200.     At all times relevant, the above mentioned credit reports were "consumer reports" as that term is defined by §1681a(d).

201.     Bank of America violated 15 U.S.C. §1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information after receiving requests for an investigation from Experian, Equifax, and TransUnion.

202.     Notwithstanding Bank of America's actual knowledge that Plaintiff was a victim of identity theft, Bank of America's failure to conduct a reasonable investigation of the accuracy of its reporting of the inaccurate information it furnished shows a reckless disregard for Plaintiff's rights under the FCRA.

203.     Bank of America violated 15 U.S.C. §1681s-2(b)(1)(B) by failing to review all relevant information provided by Experian, Equifax, and TransUnion pursuant to §1681i(a)(2).

204.     Had Bank of America reviewed the information provided by Experian, Equifax, and TransUnion, it would have corrected the inaccurate designation of the subject accounts and transmitted the correct information to Experian, Equifax, and TransUnion. Instead, Bank of America wrongfully and erroneously confirmed its inaccurate reporting without conducting a reasonable investigation.

205.     Bank of America violated 15 U.S.C. §1681s-2(b)(1)(C) by failing to report the results of any reasonable investigation or reinvestigation of Plaintiff's dispute to Equifax, TransUnion, and Experian.

206.     Bank of America violated 15 U.S.C. §1681s-2(b)(1)(E) by failing to promptly modify, delete, or permanently block the inaccurate information on Plaintiff's credit file. Instead, Bank of America continued to report the inaccurate and misleading information in Plaintiff's credit file after Plaintiff's detailed disputes.

207.     Bank of America failed to conduct a reasonable reinvestigation of its reporting of the subject account, record that the information was disputed, or delete the inaccurate reporting

from Plaintiff's credit file within 30 days of receiving notice of a dispute from Experian, Equifax, and TransUnion under 15 U.S.C. §1681i(a)(1).

208.     Bank of America violated 15 U.S.C. §1681s-2(b)(2) by failing to take the required action with respect to Plaintiff by the deadlines set forth in 15 U.S.C. §1681i(a)(1).

209.     Despite the blatantly obvious error on Plaintiff's credit file, and Plaintiff's efforts to correct the error, Bank of America did not correct the errors to report accurately. Instead, Bank of America wrongfully re-reported, furnished and re-furnished false and erroneous information in Plaintiff's consumer report.

210.     A reasonable investigation by Bank of America would have confirmed the veracity of Plaintiff's disputes.

211.     Had Bank of America taken steps to investigate Plaintiff's valid disputes or Equifax, TransUnion, and Experian's request for investigations, they would have permanently corrected the erroneous credit reporting. Plaintiff provided all relevant information regarding his disputes in his requests for investigation.

212.     By deviating from the standards established by the debt collection industry and the FCRA, Bank of America acted with reckless and willful disregard for its duty as furnishers to report accurate and complete consumer credit information to TransUnion, Equifax, and Experian.

213.     As stated above, Plaintiff was severely harmed by Bank of America's conduct.

**WHEREFORE**, Plaintiff SHAWN DAVID respectfully prays this Honorable Court for the following relief:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Order the deletion or modification of all adverse credit reporting relating to the subject accounts;
c. Award Plaintiff actual damages, in an amount to be determined at trial, for each of the underlying FCRA violations;
d. Award Plaintiff statutory damages of $1,000.00 for each violation of the FCRA, pursuant to 15 U.S.C. §1681n;
e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;
f. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1681n and 15 U.S.C. §1681o; and
g. Award any other relief as this Honorable Court deems just and appropriate.

### COUNT XI - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
(AGAINST DISCOVER BANK)

214. Plaintiff restates and realleges paragraphs 1 through 213 as though fully set forth herein.

215. Plaintiff is a "consumer" as defined by 15 U.S.C. §§1681a(c) and (b).

216. Discover Bank is a "person" as defined by 15 U.S.C. §1681a(b).

217. Discover Bank is a "furnisher of information" as defined by 15 U.S.C. §1681s-2 and a "financial institution" as defined by 15 U.S.C. §1681a(t).

218. At all times relevant, the above mentioned credit reports were "consumer reports" as that term is defined by §1681a(d).

219. Discover Bank violated 15 U.S.C. §1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information after receiving requests for an investigation from Experian, Equifax, and TransUnion.

220. Notwithstanding Discover Bank's actual knowledge that Plaintiff was a victim of identity theft, Discover Bank's failure to conduct a reasonable investigation of the accuracy of its

reporting of the inaccurate information it furnished shows a reckless disregard for Plaintiff's rights under the FCRA.

221.     Discover Bank violated 15 U.S.C. §1681s-2(b)(1)(B) by failing to review all relevant information provided by Experian, Equifax, and TransUnion pursuant to §1681i(a)(2).

222.     Had Discover Bank reviewed the information provided by Experian, Equifax, and TransUnion, it would have corrected the inaccurate designation of the subject accounts and transmitted the correct information to Experian, Equifax, and TransUnion. Instead, Discover Bank wrongfully and erroneously confirmed its inaccurate reporting without conducting a reasonable investigation.

223.     Discover Bank violated 15 U.S.C. §1681s-2(b)(1)(C) by failing to report the results of any reasonable investigation or reinvestigation of Plaintiff's dispute to Equifax, TransUnion, and Experian.

224.     Discover Bank violated 15 U.S.C. §1681s-2(b)(1)(E) by failing to promptly modify, delete, or permanently block the inaccurate information on Plaintiff's credit file. Instead, Discover Bank continued to report the inaccurate and misleading information in Plaintiff's credit file after Plaintiff's detailed disputes.

225.     Discover Bank failed to conduct a reasonable reinvestigation of its reporting of the subject account, record that the information was disputed, or delete the inaccurate reporting from Plaintiff's credit file within 30 days of receiving notice of a dispute from Experian, Equifax, and TransUnion under 15 U.S.C. §1681i(a)(1).

226.     Discover Bank violated 15 U.S.C. §1681s-2(b)(2) by failing to take the required action with respect to Plaintiff by the deadlines set forth in 15 U.S.C. §1681i(a)(1).

227. Despite the blatantly obvious error on Plaintiff's credit file, and Plaintiff's efforts to correct the error, Discover Bank did not correct the errors to report accurately. Instead, Discover Bank wrongfully re-reported, furnished and re-furnished false and erroneous information in Plaintiff's consumer report.

228. A reasonable investigation by Discover Bank would have confirmed the veracity of Plaintiff's disputes.

229. Had Discover Bank taken steps to investigate Plaintiff's valid disputes or Equifax, TransUnion, and Experian's request for investigations, they would have permanently corrected the erroneous credit reporting. Plaintiff provided all relevant information regarding his disputes in his requests for investigation.

230. By deviating from the standards established by the debt collection industry and the FCRA, Discover Bank acted with reckless and willful disregard for its duty as furnishers to report accurate and complete consumer credit information to TransUnion, Equifax, and Experian.

231. As stated above, Plaintiff was severely harmed by Discover Bank's conduct.

**WHEREFORE**, Plaintiff SHAWN DAVID respectfully prays this Honorable Court for the following relief:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Order the deletion or modification of all adverse credit reporting relating to the subject accounts;
c. Award Plaintiff actual damages, in an amount to be determined at trial, for each of the underlying FCRA violations;
d. Award Plaintiff statutory damages of $1,000.00 for each violation of the FCRA, pursuant to 15 U.S.C. §1681n;
e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;
f. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1681n and 15 U.S.C. §1681o; and
g. Award any other relief as this Honorable Court deems just and appropriate.

## COUNT XII - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### (AGAINST NAVY FEDERAL CREDIT UNION)

232.    Plaintiff restates and realleges paragraphs 1 through 231 as though fully set forth herein.

233.    Plaintiff is a "consumer" as defined by 15 U.S.C. §§1681a(c) and (b).

234.    Navy Federal is a "person" as defined by 15 U.S.C. §1681a(b).

235.    Navy Federal is a "furnisher of information" as defined by 15 U.S.C. §1681s-2 and a "financial institution" as defined by 15 U.S.C. §1681a(t).

236.    At all times relevant, the above mentioned credit reports were "consumer reports" as that term is defined by §1681a(d).

237.    Navy Federal violated 15 U.S.C. §1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information after receiving requests for an investigation from Experian, Equifax, and TransUnion.

238.    Notwithstanding Navy Federal's actual knowledge that Plaintiff was a victim of identity theft, Navy Federal's failure to conduct a reasonable investigation of the accuracy of its reporting of the inaccurate information it furnished shows a reckless disregard for Plaintiff's rights under the FCRA.

239.    Navy Federal violated 15 U.S.C. §1681s-2(b)(1)(B) by failing to review all relevant information provided by Experian, Equifax, and TransUnion pursuant to §1681i(a)(2).

240.    Had Navy Federal reviewed the information provided by Experian, Equifax, and TransUnion, it would have corrected the inaccurate designation of the subject accounts and transmitted the correct information to Experian, Equifax, and TransUnion. Instead, Navy Federal wrongfully and erroneously confirmed its inaccurate reporting without conducting a reasonable investigation.

241. Navy Federal violated 15 U.S.C. §1681s-2(b)(1)(C) by failing to report the results of any reasonable investigation or reinvestigation of Plaintiff's dispute to Equifax, TransUnion, and Experian.

242. Navy Federal violated 15 U.S.C. §1681s-2(b)(1)(E) by failing to promptly modify, delete, or permanently block the inaccurate information on Plaintiff's credit file. Instead, PenFed continued to report the inaccurate and misleading information in Plaintiff's credit file after Plaintiff's detailed disputes.

243. Navy Federal failed to conduct a reasonable reinvestigation of its reporting of the subject account, record that the information was disputed, or delete the inaccurate reporting from Plaintiff's credit file within 30 days of receiving notice of a dispute from Experian, Equifax, and TransUnion under 15 U.S.C. §1681i(a)(1).

244. Navy Federal violated 15 U.S.C. §1681s-2(b)(2) by failing to take the required action with respect to Plaintiff by the deadlines set forth in 15 U.S.C. §1681i(a)(1).

245. Despite the blatantly obvious error on Plaintiff's credit file, and Plaintiff's efforts to correct the error, Navy Federal did not correct the errors to report accurately. Instead, PenFed wrongfully re-reported, furnished and re-furnished false and erroneous information in Plaintiff's consumer report.

246. A reasonable investigation by Navy Federal would have confirmed the veracity of Plaintiff's disputes.

247. Had Navy Federal taken steps to investigate Plaintiff's valid disputes or Equifax, TransUnion, and Experian's request for investigations, they would have permanently corrected the erroneous credit reporting. Plaintiff provided all relevant information regarding his disputes in his requests for investigation.

248.      By deviating from the standards established by the debt collection industry and the FCRA, Navy Federal acted with reckless and willful disregard for its duty as furnishers to report accurate and complete consumer credit information to TransUnion, Equifax, and Experian.

249.      As stated above, Plaintiff was severely harmed by Navy Federal's conduct.

**WHEREFORE**, Plaintiff SHAWN DAVID respectfully prays this Honorable Court for the following relief:

a.  Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b.  Order the deletion or modification of all adverse credit reporting relating to the subject accounts;
c.  Award Plaintiff actual damages, in an amount to be determined at trial, for each of the underlying FCRA violations;
d.  Award Plaintiff statutory damages of $1,000.00 for each violation of the FCRA, pursuant to 15 U.S.C. §1681n;
e.  Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;
f.  Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1681n and 15 U.S.C. §1681o; and
g.  Award any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**


Dated: June 29, 2021

Respectfully Submitted,

/s/ Alejandro E. Figueroa
Alejandro E. Figueroa, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
afigueroa@sulaimanlaw.com